# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS H. KANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) No. 13 C 8053 |
| BANK OF AMERICA, NATIONAL | ) |
| ASSOCIATION, and | ) Judge George M. Marovich |
| WELLS FARGO BANK, N.A. | ) |
| d/b/a WELLS FARGO HOME | ) |
| MORTGAGE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Defendants' motion [25] for reconsideration is denied. Plaintiff's deadline for filing a motion for leave to amend is January 15, 2015. If plaintiff does not file a motion for leave to amend, then defendants' deadline to answer is February 2, 2015.

## STATEMENT

The Court recently granted in part and denied in part defendants' motion to dismiss plaintiff's seventeen-count complaint that contained more than 1000 numbered paragraphs. The Court dismissed four claims with prejudice and eleven claims without prejudice. Although some of the claims were dismissed without prejudice, the Court did not grant plaintiff leave to amend, because the defects do not seem curable. The Court stated, "If plaintiff wishes to amend any of the claims which the Court dismissed without prejudice, he will need to file a motion for leave to amend, along with a proposed amended complaint and a memorandum of law that explains how the proposed amended complaint cures the defects outlined" in the Court's decision. Thus far, plaintiff has not sought leave to amend.

Defendants, though, have filed a motion for reconsideration. They take issue with the Court's decision not to dismiss two of plaintiff's original claims--Counts III and X. In Counts III and X, respectively, plaintiff claims that Bank of America and Wells Fargo violated the Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA") by violating HAMP guidelines.

The Court previously concluded that plaintiff had stated a claim in Counts III and X. The relevant HAMP guidelines (that plaintiff alleges were violated) state:

> A servicer may not refer any loan to foreclosure or conduct a scheduled foreclosure sale unless and until at least one of the following circumstances exists:
>
> \*   The borrower is evaluated for HAMP and is determined to be ineligible for the program;

MHA Handbook v3.0 at § 3.1. The Court concluded that plaintiff has plausibly stated a claim by alleging that Wells Fargo considered him for a HAMP modification in July 2012, before which time Wells Fargo had (in January 2011) referred his loan for foreclosure and Bank of America had (in March 2011) filed a foreclosure action.

Defendants argue that it was a mistake not to dismiss these counts, because plaintiff also alleges that he was rejected for a HAMP modification *before* his loan was referred for foreclosure. Defendants seem to be arguing that plaintiff has pleaded himself out of court on these claims by alleging (and thus admitting) that defendants complied with the HAMP guideline. Defendants are correct that plaintiff alleged in his complaint that he "had been denied a permanent HAMP modification . . . on April 8, 2010," which was before the time plaintiff alleges his mortgage was referred for foreclosure. (Complt. ¶ 257). But plaintiff has not alleged (and thus admitted) that defendants had determined that he was *ineligible* for the HAMP program by that time. Instead, plaintiff alleges that he was rejected for not supplying

sufficient information.  Thus, it does not appear that plaintiff has pleaded himself out of court on these claims.  Of course, defendants may be able to establish on summary judgment or at trial that they had determined, before referring his mortgage for foreclosure, that plaintiff was ineligible for HAMP; but, the merits are not before the Court on this, a motion to dismiss.

Plaintiff has alleged enough to give defendants notice of his claims in Counts III and X, and defendants' motion for reconsideration is denied.

The deadline for plaintiff to file his motion for leave to amend (if he intends to amend his complaint) is January 15, 2015.  If plaintiff does not file a motion for leave to amend by January 15, 2015, then defendants must answer by February 2, 2015.

ENTER:

_____
George M. Marovich
United States District Judge

Dated: December 8, 2014